**WALSH STEVEDORING CO., Inc., Appellant,**

v.

**M/S SLAGEN, Her Engines, Tackle, Apparel, Furniture, etc., Appellee.**

**No. 22458.**

United States Court of Appeals Fifth Circuit.

May 31, 1966.

Charles Kohlmeyer, Jr., Lemle & Kelleher, New Orleans, La., for appellant.

Walter Carroll, Jr., Benjamin W. Yancey, New Orleans, La., for appellee, Terribbery, Rault, Carroll, Yancey & Farrell, New Orleans, La., of counsel.

Before JONES and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

The M/S SLAGEN, owned by a Norwegian corporation, was time-chartered to Westley Shipping Company, Inc. Walsh Stevedores, at the request of Westley, discharged the cargoes of the SLAGEN and advanced $500 in cash to its master. Westley became hopelessly insolvent and ceased operations, and there remains unpaid the sum of $2,678.24. For this amount Walsh sought recovery by filing a libel in rem against the ship.

Respondent defended against libellant's claim on the ground that the vessel had been under a time charter at the time in question, and that the charter, by its express terms, withheld from the charterer the authority to bind the vessel, and that libellant had failed to exercise reasonable diligence to ascertain the existence and terms of this charter as required by 46 U.S.C.A. § 973 as follows:

"*Notice to person furnishing repairs, supplies, and necessaries*

"The officers and agents of a vessel specified in section 972 of this title shall be taken to include such officers and agents when appointed by a charterer, by an owner pro hac vice, or by an agreed purchaser in possession of the vessel; *but nothing in this chapter shall be construed to confer a lien when the furnisher knew, or by exercise of reasonable diligence could have ascertained, that because of the terms of a charter party, agreement for sale of the vessel, or for any other reason, the person ordering the repairs, supplies, or other necessaries was without authority to bind the vessel therefor.*"

The charter to Westley was on a standard form (designated "Government form, approved by the New York Produce Exchange") and contained a provision that:

"Charterers will not suffer, nor permit to be continued, any lien or encumbrance incurred by them or their agents, which might have priority over the title and interest of the owners in the vessel."

Courts have uniformly interpreted this language to import a prohibition of the lien. United States v. S.S. Lucie Schulte, 343 F.2d 897 (2nd Cir., 1965); In re North Atlantic and Gulf S.S. Company, D.C., 204 F.Supp. 899, affirmed Schilling v. A/S D/S Dannebrog, 320 F.2d 628 (2nd Cir., 1963).

The only issue remaining is whether the libellant exercised that "reasonable diligence" provided for by Para. 973, supra.[1] The trial court found as a matter of fact that appellant made no inquiry or investigation to determine whether the vessel was under charter or to determine whether Westley had authority to bind the vessel. The trial court was correct. Clearly, Westley was

1. Appellee has moved to dismiss on the theory that the bond which was substituted for the vessel has been cancelled and that there remains nothing against which judgment could operate. It is not necessary to pass on the issue and we do not.

without authority to bind the vessel and this would have been learned by the appellant if it had made the reasonable diligent inquiry required under the Lien Act.[2] Accordingly, the judgment of the District Court should be affirmed. It is.

2. Dampskibsselskabet Dannebrog v. Signal Oil & Gas Co. of California, 310 U.S. 268, 275, 60 S.Ct. 937, 84 L.Ed. 1197; United States v. Carver, 260 U.S. 482, 43 S.Ct. 181, 67 L.Ed. 361 (1923); United States v. S.S. Lucie Schulte, 343 F.2d 897, (2nd Cir.); S.S. Omnium Freighter v. Northwest Marine Ironworks, Inc., 341 F. 2d 420 (8 Cir. 1965); American Marine Corp. v. Towboat Z-Fourteen, 214 F. Supp. 849 (W.D.La., 1961), affirmed 316 F.2d 238 (5th Cir., 1963); United States v. Daniels Towing & Drydock, Inc., 214 F.2d 501 (5th Cir., 1954); Findley v. Red Top Super Markets, 188 F.2d 834 (5th Cir.); The Western Wave, 77 F.2d 695 (5th Cir.).